UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRYSTAL TRASLAVINA GARCIA, <br><br> Petitioner, <br><br> v. <br><br> PATRICIA HYDE, Field Office Director, MICHAEL KROL, HSI New England Special Agent in Charge, and TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement, and KRISTI NOEM, U.S. Secretary of Homeland Security, <br><br> Respondents. | Case No. _____ <br><br> **PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

1. Petitioner Crystal Traslavina Garcia is a Colombian national. She is married to a lawful permanent resident of the United States. When she entered the United States approximately one year ago, Petitioner was released on recognizance and placed into removal proceedings in Immigration Court. ICE has detained Petitioner and asserted that it can subject her to expedited removal—a process through which ICE may seek to immediately remove her without allowing her to see an immigration judge—even though she is still subject to pending removal proceedings which the immigration judge did not terminate, and even though she intends to pursue relief from removal in those proceedings.

2. On information and belief, Petitioner was unlawfully detained by federal immigration agents on May 27, 2025, when she appeared in Boston Immigration Court for a hearing.

3. At the hearing before Immigration Judge Donovan, Office of the Principal Legal Advisor (OPLA) made an oral motion to terminate the proceedings against Petitioner. OPLA

1

represented to the Immigration Court that Petitioner was amenable to Expedited Removal proceedings, a process with much narrower forms of relief available than those available to individuals in removal proceedings in Immigration Court. On information and belief, the government takes the position that people in expedited removal proceedings are not eligible for a bond hearing, but are rather mandatorily detained. *See* 8 U.S.C. § 1225.

4. After conferring with counsel, Petitioner objected to OPLA's oral motion to terminate the case. Petitioner wished to pursue her claims for relief in Immigration Court—an option that would not be available to her if her case was terminated and she was subjected to Expedited Removal. Immigration Judge Donovan issued an oral decision requiring OPLA to file a written motion to terminate proceedings and giving Petitioner a chance to file an opposition to OPLA's motion. Immigration Judge Donovan scheduled the next hearing for May 12, 2026. Thus, Petitioner remains in removal proceedings in Immigration Court.

5. Following the hearing, Petitioner was taken into custody while conferring with immigration counsel in the hallways of Boston Immigration Court. When immigration counsel inquired about the basis for her arrest, ICE officers indicated that she would be taken into custody and subjected to Expedited Removal. When immigration counsel offered proof that Petitioner was still in removal proceedings in Immigration Court and therefore not subject to Expedited Removal, ICE stated that it was under orders to take individuals, including Petitioner, into custody even when the Immigration Judge had not yet ruled to terminate proceedings.

6. On information and belief, Petitioner is currently in custody in the District of Massachusetts, and one or more of the Respondents is her immediate custodian.

7. Petitioner asks this Court to find that she was unlawfully detained and order her release.

## JURISDICTION

8. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

9. Venue is proper because Petitioner resides and was detained in Boston, MA, and on information and belief is detained in the District of Massachusetts.

## PARTIES

10. The Petitioner Crystal Traslavina resides in Revere, Massachusetts. She is a Colombian national.

11. Respondent Patricia Hyde is the New England Field Office Director for U.S. Immigration and Customs Enforcement.

12. Respondent Michael Krol is the New England Special Agent in Charge for Homeland Security Investigations for U.S. Immigration and Customs Enforcement.

13. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

14. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

15. All respondents are named in their official capacities.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

16. On information and belief, Petitioner is currently being arrested and detained by federal agents without cause and in violation of her constitutional rights to due process of law.

17. On information and belief, Petitioner is currently being detained and subjected to Expedited

Removal in violation of her constitutional right to due process of law.

18. Petitioner cannot be detained for, or subjected to, Expedited Removal because she is currently in removal proceedings in Immigration Court.

19. Challenges to "confinement and removal" under the Expedited Removal statute fall within the "core" of the writ of habeas corpus. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006-07 (2025); *cf. Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, (2020) (holding attempt "to obtain additional administrative review of his asylum claim" after Expedited Removal order was outside the "core" of habeas relief).

20. Accordingly, to the extent 8 U.S.C. § 1252(e)(2) purports to preclude habeas review of whether Petitioner is ineligible for detention and removal via Expedited Removal due to her being in active removal proceedings in Immigration Court, that limitation violates the Suspension Clause and is void and without effect.

21. Indeed, if there were no judicial review whatsoever of the immigration agencies' determinations that someone is being unlawfully subject to Expedited Removal, then the immigration agencies would be free to find that essentially any arrested noncitizen without status is subject to Expedited Removal, in direct violation of the procedures and safeguards required for removal proceedings by the laws and Constitution of the United States.

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the District of Massachusetts;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(4) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

(5) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately.

(6) Grant any further relief this Court deems just and proper.

                                                Respectfully submitted,

                                                CRYSTAL TRASLAVINA GARCIA,

                                                By her attorney,

                                                /s/ Benjamin B. Tymann
                                                Benjamin B. Tymann
                                                BBO # 652011
                                                Tymann, Davis & Duffy, LLP
                                                45 Bromfield Street, 6th Floor
                                                Boston, MA 02108
                                                Tel. 617.933.9490

Dated: May 27, 2025