UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CRYSTAL TRASLAVIÑA GARCIA, ) <br> Petitioner, ) <br> v. ) <br> PATRICIA HYDE et al., ) <br> Respondents. ) | Civil No. 25-11513-LTS |

ORDER ON FIRST AMENDED PETITION
FOR WRIT OF HABEAS CORPUS (DOC. NO. 13)

July 14, 2025

SOROKIN, J.

Crystal Traslaviña Garcia, a citizen of Colombia who is married to a lawful permanent resident of the United States, filed and then amended a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking an order of immediate release from immigration detention. The respondents opposed the petition, and Garcia replied. The Court then directed the respondents to make a supplemental submission, which they now have done. As the Court will briefly explain, the petition is ALLOWED to the extent that Garcia is entitled to a bond hearing before an immigration judge within seven days of this Order.

Garcia arrived in the United States in late March 2024, crossing the border between Mexico and California without a visa or other valid entry document. Doc. No. 18-1 at 1. She promptly encountered and was arrested by Border Patrol agents. See Doc. No. 18-3 at 2. On April 1, 2024, the Department of Homeland Security ("DHS") issued two documents: a Notice to Appear, which initiated removal proceedings against Garcia under 8 U.S.C. § 1229a and required

her appearance before an immigration judge in Boston in May 2025, Doc. No. 18-1 at 1; and an Order of Release on Recognizance, which required Garcia to comply with certain conditions pending the resolution of her removal proceedings, Doc. No. 18-2. Both bear the electronic signature of the same DHS representative, the "Acting/Patrol Agent in Charge" at the Border Patrol station in Imperial, California. Doc. No. 18-1 at 1; Doc. No. 18-2. The latter document specifies that Garcia was released "in accordance with section 236 of the Immigration and Nationality Act," or 8 U.S.C. § 1226. Doc. No. 18-2 (citation modified). Garcia has no criminal history. See Doc. No. 18-3 at 2.

When Garcia attended her first scheduled hearing in immigration court on May 27, 2025, counsel for DHS made an oral request to terminate the proceedings so that DHS could instead pursue expedited removal under 8 U.S.C. § 1225(b)(1). See Doc. No. 13 ¶ 3; Doc. No. 18-3 at 2. The immigration judge did not grant the request; instead, he set a schedule for a written motion by DHS that would permit Garcia a chance to respond. See Doc. No. 13 ¶ 4. The immigration judge also set a further hearing in Garcia's removal proceedings. Id. Nevertheless, agents of U.S. Immigration and Customs Enforcement ("ICE") arrested Garcia while she conferred with her immigration lawyer outside the courtroom following the hearing. Id. ¶ 5. The arrest was pursuant to the agents' "previous directive to take [Garcia] into custody once a motion to terminate had been made in the case." Doc. No. 18-3 at 2 (citation modified). That day, Garcia filed the pending federal habeas petition, asking this Court to find that her detention violated her right to due process and to order her immediate release. Doc. No. 1 at 3–5.

The next day, DHS issued a warrant for Garcia's arrest "pursuant to section 236 . . . of the Immigration and Nationality Act," "based upon . . . the pendency of ongoing removal proceedings against" her. Doc. No. 18-8 at 1 (citation modified). The warrant was accompanied

2

by a Notice of Custody Determination also dated May 28, 2025, reflecting DHS's decision to detain Garcia "pursuant to section 236 of the Immigration and Nationality Act." Id. at 2 (citation modified).[1] Nearly a week after her arrest and the filing of this action, Garcia was transferred with her consent and this Court's approval from ICE's field office in Burlington, Massachusetts, to a detention facility in Vermont. Doc. No. 13 ¶ 7; see Doc. Nos. 11, 12.

Garcia filed an amended habeas petition on June 5, 2025, reiterating her constitutional challenge and request for immediate release, and adding an alternative request that this Court set bail. Doc. No. 13. The respondents answered the amended petition on June 20, 2025, defending the legality of Garcia's detention and urging this Court not to hold a bail hearing. See generally Doc. No. 16. In essence, the respondents urged that Garcia is subject to mandatory detention under 8 U.S.C. § 1225(b) whether or not her removal proceedings are expedited, and that DHS erred when it released her in the first place. In addition to this legal argument, the respondents described factual developments. As pertinent here, they acknowledged that no expedited removal order had issued yet. Id. at 8. However, they noted that, on June 12, 2025, an immigration judge had granted DHS's written motion to terminate the removal proceedings and had found Garcia was ineligible for a custody redetermination. Id. According to the respondents, periods governing administrative appeals would expire in mid-July. Id. In the

---

[1] The respondents have submitted a declaration by DHS Assistant Field Office Director Keith Chan, in which Chan attests that Garcia was detained "pursuant to [ICE's] authority under 8 U.S.C. § 1225(b)." Doc. No. 16-1 ¶ 12. The Court does not credit that representation. It concerns a legal conclusion, not a fact, and it is directly contradicted by multiple documents in the record which uniformly describe Garcia's detention as based on 8 U.S.C. § 1226 (i.e., INA section 236). See Doc. Nos. 18-2, -8. Though he attests to having "examined the official records available to [him] regarding [Garcia's] immigration history and custody status," Doc. No. 16-1 ¶ 4, Chan does not mention these documents, let alone attempt to reconcile his description of the basis for Garcia's detention with the documents in which other DHS representatives directly responsible for the relevant decisions memorialized their actions.

margin of their answer, the respondents noted without elaboration that Garcia was seeking reconsideration of the dismissal ruling.  Id. at 9 n.6.

On June 30, 2025, Garcia filed a reply in this Court supported by a series of exhibits further illuminating the immigration process that unfolded in this case.  Along with copies of documents issued by DHS related to Garcia's March 2024 and May 2025 encounters with immigration authorities, Garcia produced a June 27, 2025, order by the immigration court reopening her (non-expedited) removal proceedings.  Doc. No. 18-6 at 1.  That order cited the following circumstances as the reasons underlying the immigration judge's decision: 1) "DHS did not file an opposition to [Garcia's] motion to reconsider" the dismissal ruling; 2) DHS "did not properly serve" Garcia with the written motion to dismiss it had filed—and the immigration judge had granted—after the May 27 proceeding; and 3) the immigration judge "agree[d] with the reasons stated in [Garcia's] opposition" to dismissal.  Id.

After reviewing both parties' motion papers, the Court directed the respondents to address two topics: the effect, if any, of the immigration judge's decision to reopen Garcia's removal proceedings; and why Garcia's petition should not be granted for the same reasons another session of this Court recently granted relief (in the form of an order requiring a prompt bond hearing before an immigration judge) to another petitioner in factually and legally similar circumstances.  See Doc. No. 19 (citing Oliveira Gomes v. Hyde, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025) (slip copy)).  Today, the respondents made their supplemental submission.  They first implicitly concede that the immigration judge's recent ruling reopening Garcia's "formal removal proceedings before the Immigration Court" prevents DHS from pursuing expedited removal proceedings at this time.  Doc. No. 20 at 1–2.  Regarding Oliveira Gomes, though the respondents "do not concede" that Judge Kobick's reasoning "is

4

correct," they also "do not oppose this Court ordering the same relief" in this case—namely, a court-ordered bond hearing in immigration court. Id. at 2.

In light of the respondents' position as described in their supplemental brief—and because this Court, after carefully reviewing the record that the parties have developed in this case alongside the relevant provisions of the INA, is persuaded that Judge Kobick's thoughtful and thorough analysis of the relevant statutory language as well as the appropriate remedy in Oliveira Gomes is, in fact, correct—the Court hereby ALLOWS the amended petition to the extent that it ORDERS as follows: 1) the respondents shall provide Garcia with a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order;[2] 2) the respondents shall not oppose or deny bond to Garcia on the basis that she is detained pursuant to 8 U.S.C. § 1225(b)(2); 3) the respondents shall not retaliate against Garcia in the context of the bond hearing or otherwise for her filing of this federal habeas petition; and 4) the respondents shall file a status report on or before July 24, 2025, notifying the Court whether Garcia has been granted bond and, if her request for bond was denied, the reasons for that denial.

SO ORDERED.

　/s/ Leo T. Sorokin　　　　　
United States District Judge

---

[2] At the hearing, consistent with the statute and its implementing regulations, the government will have the burden of either proving by clear and convincing evidence that Garcia poses a danger to the community, or proving by a preponderance of the evidence that she is a flight risk. See Oliveira Gomes, 2025 WL 1869299, at *8.